PEOPLE, PLAINTIFF AND APPELLEE, *v.* VIADER, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in
a Prosecuton for Perjury.

No. 949.—Decided April 25, 1916.

PERJURY—EVIDENCE.—In this case the evidence of the prosecution tended to
    show that Bernardino González Goyena resided in San Juan and that of
    the defense that he lived in Carolina. The jury decided the conflict against

the defendant. *Held:* That in the absence of clear proof that the jury was influenced by passion, prejudice or partiality, or committed some manifest error, its decision must prevail.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE.—A defendant who moves for a new trial on the ground of newly discovered evidence must not only present affidavits setting out the said evidence, but he must state also under oath that it was impossible to produce such evidence at the trial, the reason why he could not do so and the diligence exercised by him to obtain the evidence before the trial for the purpose of enabling the court to determine whether he exercised the greatest possible diligence to obtain such evidence.

The facts are stated in the opinion.

*Mr. José de J. Tizol* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The *fiscal* of the District of San Juan filed an information against José Narciso Viader charging him with the crime of perjury as follows:

"In San Juan, which forms a part of the judicial district of the same name, on or about July 16, 1914, at the time fixed for challenging the voters who were to take part in the general elections to be held in the Island of Porto Rico on November 3, 1914, the said José Narciso Viader, unlawfully, wilfully and maliciously and with the intent to deprive Bernardino González Goyena, a qualified voter, of his vote, appeared before Roberto H. Todd, a notary public of Porto Rico, who, in such capacity was authorized to administer oaths, and then and there, knowing that he was swearing falsely, after he had sworn to tell the truth, the whole truth and nothing but the truth, made the averment, the falsity of which was apparent to him and it being an essential fact, that Bernardino González Goyena, whose name appeared in the list of qualified voters, registered in July, 1914, as a resident of the ward of Santurce, 53 years of age and of a dark complexion, did not live in and was not a resident of the municipality of San Juan, and requested that his name be stricken from the list of voters, whereas, in fact, he is a resident of Santurce of the municipality of San Juan."

The defendant pleaded not guilty and asked for a trial by jury. Upon trial he was convicted. His motion for a new trial on the ground of newly discovered evidence was overruled. The court sentenced him to one year in the peni-

tentiary and he thereupon appealed to this court from the judgment and from the ruling denying him a new trial.

The appellant has filed no brief in support of his appeal, but was represented by counsel at the hearing.

After carefully considering the record we are of the opinion that the judgment appealed from should be affirmed.

The information is correct. It contains all the essential elements required by law and jurisprudence for charging the crime of perjury. The instructions were simple and plain and it is not shown that they were excepted to. The evidence was contradictory. That of the *fiscal* tended to show that Bernardino González Goyena resided in San Juan and that of the defense that he lived in Carolina. The jury decided the conflict against the defendant and in the absence of clear proof that it was influenced by passion, prejudice or partiality, or that manifest error was committed, its decision, as we have stated repeatedly, must prevail. The newly discovered evidence tended to show that the elector resided in Carolina because he was a peddler and was constantly seen in that town. The said evidence was somewhat cumulative and further and above all, the accused was not shown to have exercised diligence to discover the same before the trial, and this court has held repeatedly, following the jurisprudence clearly established by the courts of the United States, that—

"The defendant who seeks a new trial on the ground of newly discovered evidence must not only present sworn statements showing that evidence, but he must by an affidavit negative the fact that he could have produced the evidence on the trial, showing the reasons which prevented him from doing so and the diligence exercised by him to obtain the evidence before the trial, for the purpose of enabling the court to determine whether he exercised the greatest possible diligence to obtain such evidence." *The People* v. *Milan*, 7 P. R. R. 442, (syllabus).

See also the cases of *The People* v. *Otero*, 11 P. R. R. 330; *The People* v. *Agrait*, 9 P. R. R. 412; *The People* v. *Díaz*,

5 P. R. R. (2d. ed.), 197, and *The People* v. *Goitía,* 5 P. R. R. (2d. ed.), 117.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.